JAMES C. JACOBS, APPELLANT, *v.* SYLVESTER J. MILLER, RESPONDENT.

*Practice — right of moving party, on motion, to read affidavits not served.*

Upon the hearing of a motion made by the plaintiff for the continuance of a temporary injunction, granted in the action, he will not generally be allowed to read additional affidavits, which are not in answer to new matter introduced by the defendant, but merely corroborative of the facts set forth in the moving papers.

APPEAL from an order denying a motion for the continuance of an injunction.

*Moody B. Smith*, for the appellant.

*Thomas F. Wentworth*, for the respondent.

BRADY, J.:

The appeal in this case rests chiefly on the refusal of the justice presiding at Special Term to allow the plaintiff to read an additional affidavit, in answer to the defendant's case made against the contin-

uance of the injunction. The affidavit thus rejected was not in answer to new matter introduced by the defendant, but corroborative of the facts averred in the complaint, and therefore in support of the equities alleged, which were denied by the defendant. The order to show cause, it must be borne in mind, was not at the instance of the defendant, but was a part of the injunction and order, and granted on the plaintiff's application. The plaintiff is, therefore, the moving party. The defendant responded fully and met the issues presented by denials, sustained in some respects by the affidavit of a third person. Under such circumstances the rule is to deny the application to read an affidavit confirmatory only of the original case, and not responsive to new matter introduced by the defendant or his witnesses. The question was considered in *Powell* v. *Clark* (5 Abbott, 70) and that case contains an exposition of the law. It is true that the rule is not so rigorous that it may not be relaxed, and it may be said to be somewhat discretionary to receive such an affidavit, but a general adherence to the rule is the practice, except where, from special circumstances, a departure is deemed necessary for the administration of justice. It assimilates to the rule which prevails on trials, and which is, that the plaintiff must exhaust his case before the defendant begins his defense. The plaintiff is rarely allowed to give affirmative evidence of the claim made after the defendant's case is closed. He is confined to rebutting new matter, which is material to the issue. If any other practice prevailed the cause might be continued for an indefinite period, the plaintiff reproving his case, and the defendant reanswering. The rule is a just one; the plaintiff should make his case as strong as the proofs at his command will allow, and the defendant will then know what he has to answer and overcome.

If the question were here whether the discretion was abused, we could not say that it was.

The order made at Special Term should, for these reasons, be affirmed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., concurred. DANIELS, J., concurred in the conclusion, because the moving party had no right to read affidavits in support of his application not served upon his adversary.

Order affirmed, with ten dollars costs and disbursements.